Opinion issued July 20, 2006




     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00804-CR




RODNEY MCKINNEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 989035




MEMORANDUM OPINIONAppellant, Rodney McKinney, was charged by indictment with aggravated
assault against Weida Metzgar, enhanced by one prior felony conviction. A jury
found appellant guilty and the enhancement allegation true and assessed punishment
at confinement in prison for 13 years. Appellant challenges the judgment of
conviction by a single point of error in which he contends that the trial court erred by
overruling appellant’s challenge to the State’s using a peremptory challenge to
exclude a member of the venire based on race, in violation of Batson v. Kentucky.


 
We affirm.
Background
          While conducting voir dire of the venire on behalf of the State, the prosecutor
questioned individual jurors concerning their reservations about, or hesitancy to, “sit
in judgment on [sic] somebody else.” The prosecutor’s inquiry resulted in two jurors’
stating that these or similar reservations would prevent their reaching a guilty verdict
even if they believed every element of the offense beyond a reasonable doubt. During
his voir dire, appellant’s trial counsel referred to the prosecutor’s inquiry as follows: 
          The Prosecution talked to Juror No. 3 about sitting in judgment
of another person. That’s such an asinine comment sometimes, I don’t
even know why they ask the question because that’s not what you’re
asked to do. 

[Emphasis added.] 
          After both sides exercised their strikes, the jurors were called forward by name
and number and seated. In response to the trial court’s inquiry whether either side
had objections to the composition of the jury, appellant’s trial counsel requested the
State’s strike list. On receiving the list, counsel promptly lodged a Batson objection
to the composition of the jury. 
          Appellant’s challenge asserted the following grounds: (1) appellant is black;
(2) of the potential jurors, Jurors Nos. 3, 29, 33, and 17 were also black; (3) after the
State struck Jurors Nos. 3, 29, and 33 for cause, Juror No. 17 was the only potential
black remaining; but (4) the State exercised a peremptory strike on Juror No. 17,
although “he was not asked any questions [by] the State that in any way, shape,
fashion, or form disqualified him from prospective service,” and although nothing in
his questions, demeanor, or answers disqualified him, that (5) the State violated rights
guaranteed to appellant by Batson and the equal protection clause of the Fourteenth
Amendment by peremptorily disqualifying the only remaining black person out of
over 65 potential jurors. 
          The prosecutor immediately responded that she had exercised a peremptory
strike on juror No. 17 because he nodded his head in agreement when defense counsel
referred to “an asinine comment by the State.” Given “that nod in support, I exercised
my peremptory strike to not have him on my jury.” When defense counsel interjected
that his reference to “an asinine comment” was not directed to the State, but to the
juror who stated that she could not sit in judgment, the following exchange took
place:
[PROSECUTOR]No, it was not. It was a statement by the State. It
was an asinine proposition by the State or something
to the effect that most jurors turned and looked in
my direction and [Juror No. 17] particularly nodded
yes. And also he works for the U.S. Postal Service,
that was one of my factors, given his employment,
and the fact that his wife was unemployed, I used
those to determine I did not - - that’s my reason.
 
[THE COURT]Anything else, Mr. Nunnery?
 
[DEFENSE]Nothing.
 
[THE COURT]It will be denied.

          The record thus reflects only an initial objection by appellant’s trial counsel,
a response by the State, and the trial court’s ruling denying the initial objection.
Standard of Review
          In reviewing a trial court’s ruling on a Batson challenge, we may reverse only
if the ruling appears clearly erroneous. Rhoades v. State, 934 S.W.2d 113, 123–124
(Tex. Crim. App. 1996); Stewart v. State, 176 S.W.3d 856, 858 (Tex. App.—Houston
[1st Dist.] 2005, no pet.). To reverse under this standard requires a definite and firm
conviction that a mistake has been made. See Rhoades, 934 S.W.2d at 123-24;
Stewart, 176 S.W.3d at 858. In applying the standard, moreover, we must give great
deference to the trial court’s determination and view the evidence in the light most
favorable to the trial court’s ruling. Jasper v. State, 61 S.W.3d 413, 422 (Tex. Crim.
App. 2001); Stewart, 176 S.W.3d at 858. If we determine that appellant did not rebut
the State’s explanations, we will deem not clearly erroneous the trial court’s finding
of no purposeful discrimination on the basis of race. Williams v. State, 804 S.W.2d
95, 101 (Tex. Crim. App. 1991); Stewart, 176 S.W.3d at 858. 
Discussion
          In his sole point of error, appellant complains that the trial court erred by
overruling appellant’s Batson challenge and by impliedly finding that the prosecutor
provided a race-neutral explanation for peremptorily striking Juror No. 17. 
          Using a peremptory challenge to strike a potential juror based on race violates
the equal protection guarantees of the United States Constitution. Batson v.
Kentucky, 476 U.S. 79, 86, 106 S. Ct. 1712, 1717 (1986); Stewart, 176 S.W.3d at 858. 
A defendant faced with perceived purposeful discrimination may request a Batson
hearing, which involves a three-step process. Purkett v. Elem, 514 U.S. 765, 767–68,
115 S. Ct. 1769, 1770–71 (1995); Stewart, 176 S.W.3d at 858. The defendant must
first present a prima-facie case of racial discrimination. Purkett, 514 U.S. at 767, 115
S. Ct. at 1770; Stewart, 176 S.W.3d at 858. Once the defendant meets this burden,
the burden of production shifts to the State to present a racially neutral explanation
for the challenged strike. Purkett, 514 U.S. at 768, 115 S. Ct. at 1771; Stewart, 176
S.W.3d at 858. The dispositive issue at this second step is “the facial validity” of the
State’s explanation; unless “a discriminatory intent is inherent” in the State’s
explanation, the “reason offered will be deemed race neutral.” See Purkett, 514 U.S.
at 768, 115 S. Ct. at 1771; Stewart, 176 S.W.3d at 859 (interpreting Purkett as
“clarifying that the reasons offered by the State do not have to be persuasive, or even
plausible, to meet the State’s burden of production, as long as they are racially
neutral”). 
          In the third step, the trial court decides whether the defendant has established
purposeful discrimination. Purkett, 514 U.S. at 768, 115 S. Ct. at 1771; see also
Miller-El v. Dretke, 125 S. Ct. 2317, 2324–25 (2005) (restating three-step process);
Stewart, 176 S.W.3d at 858–59 (same). Throughout the challenge process, however,
the burden of persuasion remains with the defendant, who has the opportunity to rebut
the State’s explanations before the trial court rules on the defendant’s objection. 
Jasper, 61 S.W.3d at 421; Stewart, 176 S.W.3d at 858–59; see also Purkett, 514 U.S.
at 768, 115 S. Ct. at 1771 (stating, “[T]he ultimate burden of persuasion regarding
racial motivation rests with, and never shifts from, the opponent of the [peremptory]
strike.”).
          Applying these principles here demonstrates an initial objection by appellant’s 
trial counsel, who alleged that the prosecutor exercised a racially based peremptory
strike to remove black Juror No. 17 from the jury without any supporting indication
that would otherwise disqualify Juror No. 17. Assuming the burden of production in
response to appellant’s objection, the prosecutor explained that she observed most of
the jurors turning in her direction when appellant’s trial court referred to the “asinine
proposition by the State,” and that Juror No. 17, in addition, nodded his head in
agreement. The prosecutor concluded her reasons for peremptorily striking Juror No.
17 by referring to Juror No. 17’s employment with the United States Postal Service
and his wife’s unemployment. Yet, in response to the trial court’s inquiry after the
prosecutor concluded her explanation, appellant’s trial counsel replied he had nothing
further, after which the trial court denied appellant’s challenge. 
          Under the circumstances presented, we hold that the prosecutor’s response to
appellant’s Batson challenge offered racially neutral explanations for striking Juror
No. 17. Appellant, however, did not attempt to rebut the prosecutor’s race-neutral
explanations and therefore failed to meet the burden of persuasion on his challenge,
which, we note, never shifted from appellant. See Purkett, 514 U.S. at 768, 115 S.
Ct. at 1771; Jasper, 61 S.W.3d at 421; Stewart, 176 S.W.3d at 858–59. Having
concluded that appellant did not meet his burden, we cannot say that the trial court
clearly erred by denying appellant’s Batson challenge. See Stewart, 176 S.W.3d at
859. 



                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia.

Do not publish. Tex. R. App. P. 47.2(b).